No. 244

TAYLOR v. TROXEL

Ohio Appeals, 9th Dist., Lorain Co.

No. 385.   Decided Oct. 16, 1926

480. EVIDENCE—Where error is claimed for refusal to permit witness to analyze corporation's financial statement; while witness may have been competent to analyze the statement, evidence of this character to impeach the value of stock, without attempting to show the actual financial condition of the company aside from the statement, would be of no avail.

**First Publication of this Opinion**

PARDEE, P. J.

The original action was begun in the Lorain Common Pleas, by D. S. Troxel, to recover the amount due on a promissory note given to him by A. B. Taylor. Before the case was heard, Troxel died, and the case was revived in the name of his executor.

Taylor claimed that the note was given for 50 shares of the common capital stock of the Troxel Mfg. Co., which stock said decedent sold to Taylor, and that there was no other consideration for the note. Taylor further alleged that the stock was not reasonably worth $4500, the face of the note, and that same has always been of little or no value and by reason thereof, there was a lack of consideration. Taylor further alleged that representations were made to him by the dece-

dent, which were in fact untrue, for the sole purpose of inducing him to purchase the stock for $90.00 per share.

The court, upon motion, directed a verdict in favor of Troxel for the full amount of the note. Error was prosecuted and the Court of Appeals held:

1. The testimony of a former officer of the Company was excluded which is claimed as error, the question asked being, "What was said to you and what was said by Mr. Troxel concerning the value of the common stock?" Had permission to answer been granted, it is claimed the witness would have answered that the stock was worth $10 or $12 according to the financial statement.

2. This conversation took place several years subsequent to the time that the stock was sold. This evidence, if otherwise competent, was too remote in point of time to be admitted as evidence as bearing upon the value of the stock at the time of the sale.

3. Error was claimed by the refusal to allow the witness to give from his analysis of the statement, the fair and reasonable market value of the stock, and defendant claims he would have answered $10 or $12.

4. There was no foundation laid for the introduction of this kind of testimony.

5. While the witness may have been competent to analyze a financial statement, evidence of this character to impeach the value of stock, without attempting to show the actual financial condition of the company aside from the financial statement, would be of no avail.

6. From an examination of all the evidence, Taylor did not offer any evidence of any kind to sustain the allegations that he had been induced to buy said stock by false representations of the decedent.

7. If the decedent knew, or was of the opinion that said stock was worth only $10 per share and did not make any representations as to the value thereof to Taylor, that would not be a defense to said note unless said decedent communicated the same to said defendant, and he relied thereon.

Judgment affirmed.

(Washburn and Funk, JJ., concur.)

Attorneys—Baird & Vandemark for Taylor; H. G. Johnson and R. S. Douglas for Troxel; all of Elyria.